## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VALLEY VIEW LAND & CATTLE
COMPANY, LLC

        Plaintiff,

v.

TOWER HILL ANGUS, LLC

        Defendant.

No. 4:19-CV-00673

(Judge Brann)

## MEMORANDUM OPINION

### JUNE 11, 2020

## I.    BACKGROUND AND DISCUSSION

Plaintiff Valley View Land & Cattle Company, LLC has brought contract claims against Defendant Tower Hill Angus, LLC.  Valley View claims that Tower Hill breached a contract concerning the purchase and delivery of certain herds of cattle.[1]  Along with the breach claims, Valley View brings claims of conversion and quantum meruit concerning a herd that Valley View allegedly delivered to Tower Hill.[2]  Tower Hill filed an Answer and brought counterclaims for breach of contract and unjust enrichment / quantum meruit.[3]  The case has been pending for about fourteen months.

---

[1]    *See* Doc. 1-1 at ¶¶ 31-37.
[2]    *See* Doc. 1-1 at ¶¶ 38-55.
[3]    *See* Doc. 7 at ¶¶ 69-88.

On June 9, 2020, two days ago, Valley View filed an "emergency motion to preserve status quo"—put another way, a motion for a preliminary injunction.[4] According to Valley View, Tower Hill has "advised that it intended to sell all of the cattle involved in this action at auction for slaughter."[5]  Valley View requests that the Court enter an order directing Tower Hill to withhold eight head of cattle (of which Valley View claims full or one-half ownership) from the auction.[6] According to Valley View, the Court should enter this order because "the value of the Eight Head as breeding stock" is "substantially in excess of five hundred dollars" per head, and the Eight Head, at auction, would only get "approximately five[] hundred dollars" per head.[7]  Valley View provides no other rationale for the Court's entry of this preliminary injunctive relief.[8]

**Where's the beef?**  Or, perhaps, where's the _harm_?  Valley View has not shown that "it would be irreparably injured by denial" of a preliminary injunction.[9] "The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages."[10]  Here, the only harm that Valley View

---

[4]  _See_ Doc. 19; _Glaster v. Fed. Bop-Inmate Designation_, No. CIV. 3:CV-08-0193, 2009 WL 2485755, at *1 (M.D. Pa. Aug. 13, 2009) ("A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits.").

[5]  Doc. 19 at ¶ 4.

[6]  Doc. 19 at ¶ 7, p. 3.

[7]  Doc. 19 at ¶¶ 11-12.

[8]  _See generally_ Doc. 19.

[9]  _S.I. Handling Sys., Inc. v. Heisley_, 753 F.2d 1244, 1254 (3d Cir. 1985).

[10]  _Adams v. Freedom Forge Corp._, 204 F.3d 475, 484-85 (3d Cir. 2000).

alleges is "monetary damages"—the alleged difference in value between the Eight Head as breeding stock and the Eight Head's sale price at auction.  If a claimed injury is "purely economic in nature and thus compensable in money," in order for a court to find irreparable injury, the movant must make a showing that "the injury [was] of a peculiar nature, so that compensation in money cannot atone for it."[11] Valley View has made no such showing here.[12]

There are other facial deficiencies with Valley View's motion.  For example, Valley View does not discuss the other three factors I must balance in "considering a motion for preliminary relief": "whether the movant has shown a reasonable probability of success on the merits"; "whether granting preliminary relief will result in even greater harm to the nonmoving party"; and "whether granting preliminary relief will be in the public interest."[13]

---

[11]  *Morton v. Beyer*, 822 F.2d 364, 372 (3d Cir. 1987), *holding modified by Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421 (3d Cir. 1994)

[12]  Valley View makes only a conclusory allegation, which Tower Hill denies, that "Tower Hill will be unable to satisfy any judgment that may be entered against it in this action."  Doc. 19 at ¶ 13, Doc. 20 at ¶ 13.  *See Temple v. Cleve Her Many Horses*, 163 F. Supp. 3d 602, 628 (D.S.D. 2016) (besides movant's "conclusory assertion," "the court received no evidence demonstrating [movant] would be *irreparably* injured as a result of the impoundment and sale of the cattle") (emphasis in original).

[13]  *See* Doc. 19; *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985).

## II.    CONCLUSION

Valley View's Motion is **DENIED**.  Accompanying this Memorandum

Opinion is the Court's grant of Tower Hill's Proposed Order.[14]


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14]   Doc. 20-1.